KLEIN, J.
Pinehurst, a nursing home, appeals a final administrative order imposing a $20,000 fine for failure to correct deficiencies. The nursing-home argues that there was no substantial competent evidence to support the finding of deficiencies and that it was not given time to correct the deficiencies, a requirement of the statute. We conclude that there was substantial competent evidence but reverse because the Agency failed to follow the statute.
Section 400.28(9), Florida Statutes (Supp.1998) classifies deficiencies in nursing homes into several different categories with a Class I being the most serious. A Class I deficiency “has caused, or is likely to cause, serious injury” and must be eliminated immediately. § 400.23(9)(a). The present ease involved a Class II deficiency, described in section 400.23(9)(b):
Class II deficiencies are those which the agency determines have a direct or immediate relationship to the health, safety, or security of the nursing home facility residents, other than class I deficiencies. A class II deficiency is subject to a civil penalty in an amount no less than $1000 and not exceeding $5000 for each and every deficiency. A citation for a class II deficiency shall specify the time within which the deficiency is required to be corrected. If a class II deficiency is corrected within the time specified, no civil penalty shall be imposed unless it is a repeat offense.
Pinehurst argues that it did not receive written notice of the Class II deficiencies including a “time within which the deficiency is required to be corrected.” The ALJ found that Pinehurst received a written survey report on April 29, 1999 which stated that Pinehurst had to correct the deficiencies spelled out in the report by April 27, 1999, a deadline which had already passed. The Agency held on review that this finding was not determinative because Pinehurst had been verbally informed of the deficiencies and a date for correction.
The Agency admits there was no written notice of a deadline for correcting the deficiencies, but argues that written notice is not required by the statute. Section 400.23(9) provides, in part: “The Agency shall indicate the classification [of deficiency] on the face of the notice of deficiencies.” Section 400.23(9)(b) requires that the “citation” specify the time in which a Class II deficiency must be corrected. We cannot agree with the Agency that this statutory language does not require written notice of Class II deficiencies specifying time periods for correction. The notion that a nursing home could suffer a substantial fine or lose its license based solely on verbal communication makes about as much sense as the notion that police officers could issue verbal traffic citations. We therefore reverse.
SHAHOOD and GROSS, JJ., concur.